UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Altony Brooks, | ) C/A No. 9:15-3692-PMD-BM |
|                  Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Director Bryan Sterling, Director Michael McCall, Warden Cecilia Reynolds, Warden Willie Davis, Warden Steven Nolan, Capt. Williams, Lt. Heist, Lt. Shaw, Sgt. West, *sued in individual and official capacity*, | ) |
|                  Defendants. | ) |

The Plaintiff, Altony Brooks, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Perry Correctional Institution (PCI), part of the South Carolina Department of Corrections (SCDC).

Plaintiff asserts claims concerning the living conditions to which he was exposed while previously incarcerated at the Lee Correctional Institution (LCI) of the SCDC. His primary complaint appears to be that for a period of approximately 15 months he was not allowed outside to exercise, causing him muscle weakness and back and knee pain. Plaintiff also claims that he had insufficient lighting in his cell and a lack of sunshine, which caused a loss of vision and kept his knee injury from healing. Plaintiff alleges he was exposed to secondhand smoke (from inmates lighting toilet paper to use as a light source and smoking marijuana and tobacco), which caused wheezing, headaches, and nosebleeds. Plaintiff claims the water supply was contaminated because a broken pipe was repaired by pouring concrete around it, and too much chlorine was put in the water

to counteract the contamination. Plaintiff also claims he only received 30 showers in 15 months, and was denied lotions, soaps, and other hygiene items, which caused him to develop skin rashes. In addition, Plaintiff claims that his placement in administrative segregation caused him psychological problems based on a lack of interaction with other inmates. Complaint, ECF No. 1 at 3-14. He requests declaratory and injunctive relief, as well as monetary damages. Id. at 15.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th



Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 679-679 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

First, to the extent that Plaintiff seeks injunctive and/or declaratory relief, his claims are moot, as Plaintiff is no longer housed at LCI.[1] See Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) ["[A] prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."](citing Incumaa v. Ozmint, 507 F.3d 281, 286–87 (4th Cir. 2007)); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991)[The transfer of a prisoner renders moot his claims for injunctive and declaratory relief.]. Mootness is a jurisdictional question and thus may be raised sua sponte by a federal court at any stage of proceedings. North Carolina v. Rice, 404 U.S. 244, 246 (1971).

Further, even if Plaintiff is seeking monetary damages, his Complaint is still subject to summary dismissal because Plaintiff failed to exhaust his administrative remedies as to the claims alleged in his Complaint prior to filing this lawsuit. Before a prisoner can proceed with a lawsuit in federal court concerning conditions of confinement, he must first exhaust his administrative remedies as required by the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

---

[1] Plaintiff mailed his lawsuit from PCI; see Envelope, ECF No. 1-1; and SCDC records indicate that Plaintiff was transferred from LCI to PCI on August 24, 2015. See http://public.doc.state.sc.us/scdc-public/[Search Inmate "Anthony Brooks"](last visited January 27, 2016). Plaintiff's SCDC records also list his first name as "Anthony," not "Altony," but the identifying inmate number is the same on the SCDC records as that provided by Plaintiff. See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) [This Court "may properly take judicial notice of matters of public record."]; see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"].

3

remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in administrative proceedings. See Booth v. Churner, 532 U.S. 731, 740–41 (2001).

To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review, which means "'using all steps that the agency holds out, and doing so properly.'" Woodford v. Ngo, 548 U.S. 81 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). Further, while a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity; id. at 216; if the lack of exhaustion is apparent on the face of the prisoner's complaint, sua sponte dismissal prior to service of the complaint is appropriate. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Here, a plain reading of the Complaint shows that Plaintiff did not properly exhaust his available administrative remedies prior to filing this action. Although Plaintiff checked a box on the Complaint form stating that he received the final institutional answer or determination concerning the matters alleged, he failed to answer whether he filed a grievance concerning the claims raised, and even wrote "Don[']t plead exhaustion" (ECF No. 1 at 2), indicating an acknowledgment that he had not exhausted his available administrative remedies. Only after completing both Steps 1 and 2 of the SCDC grievance policy has an inmate properly exhausted his

4

claims under § 1983. See Malik v. Ward, No. 8:08-1886-RBH-BHH, 2010 WL 1010023, at *6 (D.S.C. Feb. 4, 2010).

Because it did not appear on the face of the Complaint that Plaintiff had exhausted his administrative remedies by filing Step 1 and Step 2 (appeal of Step 1) grievances as to the issues alleged in his Complaint, special interrogatories were sent to Plaintiff, to which Plaintiff filed a response on January 4, 2016. See ECF Nos. 7-1, 9. In response to the special interrogatories, Plaintiff stated that he had filed a grievance, number PCI 1068-15, that was exhausted. However, he also wrote that he had filed this grievance on November 3, 2015,[2] and he had not received an answer to his Step 2 appeal. ECF No. 9 at 1-2. Plaintiff attached a copy of his Step 1 grievance (number PCI-1068-15) to the special interrogatories. A review of this Step 1 grievance (in which Plaintiff complains of a lack of recreation and sunlight) indicates he did not sign the grievance form until November 3, 2015, and it was received by SCDC on November 4, 2015. Plaintiff received a response from SCDC on November 17, 2015, noting that he had exceeded the time frame for filing his grievance; ECF No. 9-1 at 3-4; and there is no indication that Plaintiff ever filed a Step 2 grievance appeal.

Plaintiff also attached a copy of another Step 1 grievance form, number Lee CI 0795-15 (in which he complains of a lack of outside recreation), that he did not sign until August 28, 2015, and was not received by SCDC until August 31, 2015. ECF No. 9-1 at 1. Warden Cecilia Reynolds filed a response on October 1, 2015, and despite a notice that (if Plaintiff was not satisfied with the decision) he could appeal within five days of receipt, Plaintiff did not appeal until November 17,

---

[2]Notably, the case at Bar was commenced on September 14, 2015, by the filing of a Complaint dated August 8, 2015. See Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999)[a prisoner may not exhaust administrative remedies during the pendency of the federal suit].

5

2015, well after this lawsuit was filed. ECF No. 9-1 at 2. There is no indication that a response has been received by Plaintiff as to this Step 2 grievance. Additionally, Plaintiff has not alleged or submitted any information to indicate that he filed and exhausted his administrative remedies as to the other matters alleged in his Complaint.

Thus, it is clear that Plaintiff did not exhaust his available administrative remedies as to the matters alleged in his Complaint prior to filing this lawsuit. Further, Plaintiff did not even file one of his grievances (number PCI-1068-15) until after he filed this lawsuit (Plaintiff signed his Complaint on August 8, 2015, he signed a verification on September 1, 2015, the envelope in which it was mailed is stamped as received by the PCI mail room on September 10, 2015, and the Complaint was received by this Court on September 14, 2015 - see ECF Nos. 1 at 15-16, 1-1 at 1), while the other grievance (number Lee CI 0795-15) was filed only shortly before the filing of this lawsuit and, as noted above, has not been exhausted.[3]

Exhaustion is a prerequisite to suit that must be completed prior to filing an action. A prisoner does not comply with the mandatory exhaustion requirements by exhausting his remedies during the course of litigation. See Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d at 677, see also Neal v. Goord, 267 F.3d 116, 123 (2nd Cir. 2001)[holding that "allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."], overruled on other grounds by Porter v. Nussle, 534 U.S. 516, 532 (2002); Jackson v. Dist. of

---

[3]This grievance was also filed less than 114 days prior to Plaintiff filing this action. See Jones v. Kay, No. 07–3480, 2007 WL 4292416, at * 5 (D.S.C. Dec.5, 2007) ["An SCDC inmate must wait approximately 114 days from presenting his Step 1 written grievance to the prison to file a complaint in federal court"].

6

Columbia, 254 F.3d 262, 268-69 (D.C.Cir. 2001)[rejecting the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"]; Freeman, 196 F.3d at 645 [a prisoner may not exhaust administrative remedies during the pendency of the federal suit]; Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999)[An inmate incarcerated in a state prison must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983.]; Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) ["[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."]. Therefore, this case must be dismissed for failure of the Plaintiff to exhaust his administrative remedies.

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

January 29, 2016
Charleston, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).